5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Pierre FREUND, Plaintiff-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, Defendant-Appellee.
 No. 92-16756.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 8, 1993.
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CR-92-03167-FMS; Fern M. Smith, District Judge Presiding.
 N.D.Cal.
 AFFIRMED.
 Before: REAVLEY,** PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellant Pierre Freund argues that the district court erred in denying his habeas petition and affirming the exclusion order of the Board of Immigration Appeals (BIA) because: 1) the law entitles Freund to a deportation hearing rather than an exclusion hearing; and 2) the evidence adduced in Freund's plenary exclusion hearing does not support the BIA's decision that Freund abandoned his permanent resident status.
 
 1. DEPORTATION V. EXCLUSION
 
 3
 Freund applied for adjustment of his immigration status in February 1987, and applied for advance parole back into the United States when he wished to briefly return to France for his father's funeral in 1988. Since 1986, 8 C.F.R. Sec. 245.2(a)(4)(ii) has directed that:
 
 
 4
 If the application [for the adjustment of status] of an individual granted advance parole is subsequently denied, the applicant will be subject to the exclusion provisions of section 236 of the [Immigration and Nationality] Act. No [non-citizen] granted advance parole and inspected upon return shall be entitled to a deportation hearing.
 
 
 5
 Freund presents nothing to indicate that this regulation is unconstitutional or without statutory authorization.
 
 
 6
 Freund received notice of this law when he signed his application for advance parole, which states: "If your application for Adjustment of Status is denied, you will be subject to exclusion proceedings...." We hold that this statement satisfies any due process right that Freund had to notice of the type of hearing that he would receive upon denial of his adjustment application, despite the fact that the advance parole application miscited the legal source of the statement as "8 CFR 245.3(a)(2)."
 
 
 7
 Moreover, due process does not require the government to accord Freund a deportation hearing merely because, in its May 1990 decision denying Freund's adjustment application, the government stated that "[a]ny authorization to accept employment which was granted ... terminated automatically upon the institution of deportation proceedings." We do not read this language to guarantee Freund a deportation hearing, and we know of now way that Freund could have relied on this statement to his detriment.
 
 
 8
 Finally, regardless of Freund's contrary argument, the Supreme Court has established that immigration statutes permit the government to institute exclusion proceedings against even non-citizens who are legitimate permanent residents of the United States. Landon v. Plasencia, 459 U.S. 21, 28, 103 S.Ct. 321, 326-27 (1982). Freund is in the position of an alien seeking entry.
 
 
 9
 We thus hold that the district court did not err by affirming the BIA's exclusion order after the BIA instituted exclusion proceedings against Freund, rather than deportation proceedings.
 
 2. SUBSTANTIAL EVIDENCE OF ABANDONMENT
 
 10
 The district court correctly reviewed the BIA's conclusion, that Freund abandoned his permanent resident status, on the ground of substantial evidence. Chavez-Ramirez v. INS, 792 F.2d 932, 934-35 (9th Cir.1986). We agree with the district court that substantial evidence supports the BIA's abandonment finding.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3